**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2215-24

RAJEH A. SAADEH,

    Plaintiff-Appellant,

v.

BOROUGH OF WATCHUNG,

    Defendant-Respondent.

_____

Argued April 29, 2026 – Decided June 8, 2026

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0463-25.

Lindsay A. McKillop argued the cause for appellant (Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh and Christopher C. Dombakly, on the briefs).

Joseph V. Sordillo argued the cause for respondent (DiFrancesco, Bateman, Kunzman, Davis, Lehrer & Flaum, PC, attorneys; Joseph V. Sordillo, of counsel and on the brief).

PER CURIAM

Plaintiff, Rajeh A. Saadeh, appeals the trial court's order denying his order to show cause (OTSC) and dismissing his complaint seeking certain police records from defendant Borough of Watchung. After a vehicle-pedestrian car accident, plaintiff filed a request for records under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. The police department informed plaintiff that it could not produce the requested records because the prosecutor's office, which was investigating the matter as a bias claim, had them. The trial court rejected plaintiff's subsequent OTSC and dismissed the complaint. The court determined that plaintiff had no viable cause of action because the records were not in possession of the police department.

On appeal, plaintiff argues that Watchung is obligated to produce the records under OPRA and the common law right of public access. Because defendant created the records, it is obliged to produce them under Simmons v. Mercado, 247 N.J. 24, 40-41 (2021). Therefore, we reverse.

I.

On February 4, 2025, plaintiff's mother was walking through a parking lot in Watchung, wearing a hijab, a headscarf worn by Muslim women. While walking, an unidentified male struck Ms. Saadeh with his vehicle. Plaintiff alleges this was an intentional act and a religiously motivated hate crime. A

2

Watchung police officer responded to the scene of the accident and prepared report number 25-02359.

On February 5, 2025, plaintiff sent Watchung a request for police documents, videos, and records pertaining to the incident and the corresponding investigation under OPRA and the common law right of access. The request stated:

> Regarding police case number 25-02359 involving [plaintiff's mother] and any other person regarding the incident on February 4, 2025[1], at or around the Walmart in Watchung:
>
> -all documents and records, including photos, dashcam videos, bodycam videos, notes, reports, and any other documents or records.

On February 6, 2025, defendant's police department responded to plaintiff's request via email, stating in pertinent part:

> We have received your OPRA request regarding #25-02359. Unfortunately, we are unable to release any reports or videos at this time due to the matter being forwarded to the Somerset County Prosecutor's Office while it is under review for a possible bias incident. Please feel free to check back at a later date . . . .

---

[1] Plaintiff's documents represent the date of the incident as February 4, 2025, while defendant asserts the date was February 4, 2023.

On March 24, 2025, plaintiff filed a verified complaint and OTSC seeking the records. The complaint was grounded in OPRA and the common law right of access. The Borough of Watchung was named as the sole defendant. On March 26, 2025, the trial court denied the order to show cause and dismissed plaintiff's complaint without prejudice, stating "[d]efendant cannot comply with the OPRA request due to records being at the Somerset County Prosecutor's Office." The record shows Watchung was never served with the complaint and entered no appearance before the trial court.

II.

A trial court's decision regarding summary actions, including an OTSC and its corresponding complaint, brought pursuant to Rule 4:67, is governed by our civil standards of appellate review. N. Jersey Media Grp., Inc. v. State, Off. of Governor, 451 N.J. Super. 282, 295-96, 308 (App. Div. 2017). We defer to the trial court's factual findings, which are binding on appeal when they are supported by adequate, substantial, credible evidence. Balducci v. Cige, 240 N.J. 574, 595 (2020). Findings of law, however, are reviewed de novo. State v. Zingis, 259 N.J. 1, 14 (2024).

A-2215-24

Plaintiff argues the trial court erred by denying the OTSC and dismissing his complaint, because Watchung's police department is required to disclose the requested records.

In Simmons, our Supreme Court has articulated a clear holding that governs this appeal. Where an agency supplies information needed to create a governmental record, that agency must disclose the record, regardless of who maintains it. 247 N.J. at 40-41. Law enforcement officers create government records when they, in the course of their official business, input information pertinent to a case into a pre-developed document for their records. Id. at 40.

Here, plaintiff requested all documents, videos, and records pertaining to a specific accident investigation, pursuant to OPRA and the common law right of access. This includes the police incident report, a government record created to document the incident and launch the department's investigation. Ibid. Watchung's denial of the request, and the trial court's order, are both premised on the fact that the SCPO, not Watchung, possessed the sought-after records. Simmons eliminates that justification for non-disclosure of records, 247 N.J. at 40, and we conclude the trial court's order rejecting plaintiff's summary application was premature, and therefore in error.

The inquiry does not end here. Watchung contends even if we conclude that the trial court committed error by rejecting plaintiff's summary application, the sought-after records are internal affairs documents which are exempt from OPRA requests, pursuant to Rivera v. Union County Prosecutor's Office, 250 N.J. 124 (2022), and cannot be disclosed. We disagree. Rivera holds that: police internal affairs records are not governmental records for purposes of OPRA, and may not be disclosed under that statute. However, such records may be disclosed under the common law right of access if the public interest favoring disclosure outweighs concerns for confidentiality. Id. at 136.

Rivera articulates an analytic scheme which balances the confidentiality-based factors of Loigman v. Kimmelman, 102 N.J. 98, 113 (1986), and the public interest-based factors under Rivera. On remand, the trial court should conduct the necessary analysis with a more fulsome record and "best assess any potentially legitimate confidentiality concerns by reviewing the [records] in-camera and making appropriate redactions." Rivera, 250 N.J. at 150.

We therefore reverse the trial court's order dismissing the complaint and denying the OSC. On remand, the court shall consider the OTSC and require the production of the police report. The court shall also review the additional

A-2215-24

documents requested by plaintiff and determine whether they should be disclosed.

Reversed and remanded for further proceedings in accordance with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2215-24